FILED

JUL 08 2014

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Lisa McMahan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-CV-312 |
| | ) Varlan/Guyton |
| Santander Consumer U.S.A Inc., | ) |
| | ) |
| Citifinancial Auto, Inc., | ) |
| | ) |
| Manheim Tennessee, Inc., d.b.a. | ) |
| "Total Resource Auctions", | ) |
| | ) |
| Jeffrey Denton and Deborah Denton, | ) |
| Husband and Wife, d.b.a. "Appalachian | ) |
| Recovery of Tennessee, Inc.", | ) |
| | ) |
| Skip Masters, Inc., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Lisa McMahan, sues the defendants named above and would show the Court as follows:

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Defendants' violations of the Uniform Commercial Code - Secured Transactions, Tenn. Code Ann. § 47-9-101 et seq. ("UCC"), and pendent state law claims arising out of the wrongful repossession and conversion of Plaintiff's vehicle.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III. PARTIES

4. Lisa McMahan ("Plaintiff") is a natural person who resides in Knox County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), a "consumer debtor" as that term is defined by Tenn. Code Ann. § 47-9-102(a)(22), and a "debtor" as that term is defined by Tenn. Code Ann. 47-9-102(a)(28).

5. Defendant Santander Consumer USA Inc. ("Santander") is an Illinois corporation with its principal place of business in Dallas, Texas. Santander purchases automobile retail-installment contracts from third parties in a practice commonly referred to as "indirect lending." More specifically, Santander does not solicit retail-lending customers directly, relying instead on other entities to complete the consumer loan transactions, and then buying the right to payment under these credit contracts. Santander is a "creditor" as defined by 15 U.S.C. § 1692a(4) and a "secured party" as defined by Tenn. Code Ann. § 47-9-102(a)(72), and may be served through its registered agent: Vannesa Peret at 8585 N. Stemmons Fwy., Ste. 1100 N Dallas, Texas, 75247, or, in the alternative, at its main address Santander Consumer USA Inc., P.O. Box 961245, Fort Worth, TX 76161.

6. Defendant CitiFinancial Auto Credit Inc. ("CitiFinancial") is a Texas financing company that currently resides at 1999 Bryan St., Ste. 900, Dallas, Texas, 75201. CitiFinancial's mailing address as listed on the vehicle title is P.O. Box 3449, Coppell, Texas, 75019.

7. Defendant Manheim Tennessee, Inc., d.b.a./assumed name, Total Resource Auctions, ("Manheim"), is a Delaware corporation with its principal place of business located at 6205 Peachtree Dunwoody Road, Atlanta, Georgia, 30328.

8. Defendants Jeffrey and Deborah Denton, owners and operators of the business entity Appalachian Recovery of Tennessee, Inc., ("Appalachian Recovery" and/or "Jeffrey and Deborah Denton"), personally reside at 102 Lawton Road, Oak Ridge, Tennessee, 37830. The physical address of the business Appalachian Recovery is 167 Midway Drive, Oliver Springs, Tennessee, 37840, and the business's mailing address is P.O. Box 600, Oliver Springs, Tennessee, 37840. Jeffrey and Deborah Denton are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Skip Masters' principal place of business, as listed on the "Order of Assignment" for repossession, is 4950 Hillsdale Circle, El Dorado Hills, California, 95762.

## IV. FACTS

10. On October 20, 2005, Plaintiff purchased a 2003 Jeep Wrangler, VIN # 1J4FA39S93P318377 from Grayson Pontiac Jeep in Knoxville, Tennessee, which was to be used primarily for personal, family or household purposes. The sale price was $18,575. Plaintiff financed $13,742.99 of this amount through Defendant CitiFinancial Auto thereby creating a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant CitiFinancial retained the title to the vehicle at the time of purchase. Defendant Santander, another loan servicing company, bought out Plaintiff's loan from Defendant CitiFinancial.

12. In December of 2011, Plaintiff made the final payment due under the loan, via certified check, to Defendant Santander.

13. Plaintiff was out of the state in January and February 2012. In late February 2012, when Plaintiff returned to Tennessee, Plaintiff had satisfied her debt and expected to find the title to her vehicle in her mail that was supposed to have been held by the post office. Due to an error by the post office, Plaintiff's mail was not held as directed and, as far as Plaintiff knows, the title to her vehicle – if ever sent out at all – was returned to Santander.

14. In March 2012, Defendant Jeffrey Denton/Appalachian Recovery approached Plaintiff's seventy-five-year-old mother at her mother's address in another county and demanded possession of Plaintiff's vehicle at that time. The vehicle was not there because Defendants were not at Plaintiff's address; instead, they were harassing her elderly mother at an address wholly unaffiliated with the debt.

15. On July 16, 2012 Defendant Jeffrey Denton/Appalachian Recovery called Plaintiff's mother's house and left a message identifying himself as "Officer Rick Trott". The message threatened Plaintiff by stating that if she did not contact him by 10 am the following day, he would issue a warrant for her arrest. This is but one example of Defendant Jeffrey Denton/Appalachian Recovery's harassing abusive collection tactics that are in violation of the FDCPA.

16. Defendant Santander now held the title to her vehicle and refused to send it to her unless she paid a wholly unjustified $3,926.99 in administrative fee, allegedly due because of the post office returning the title to Santander. Plaintiff attempted to fight the matter, but ultimately complied with Defendant Santander's erroneous demand. On December 12, 2012, Plaintiff paid Santander the alleged debt by issuing a check in the amount of $3,926.99. Defendant Santander cashed the check on December 17, 2012.

17. Unbeknownst to Plaintiff at the time, on November 28, 2012, Defendant Skip Masters, presumably at the direction of Defendant Santander, assigned an "Order to Repossess" to Defendants Jeffrey and Deborah Denton/Appalachian Recovery.

18. Neither Defendant Santander nor Defendant CitiFinancial Auto provided Plaintiff with notice of any alleged default under the loan terms or notice of intent to repossess her vehicle, both in violation of the Uniform Commercial Code ("UCC").

19. Neither Defendant Santander nor Defendant CitiFinancial Auto was entitled to possession of the vehicle because the loan debt had been fully satisfied; Plaintiff was not in default. Nevertheless, Defendants Jeffrey and Deborah Denton/Appalachian Recovery seized Plaintiff's vehicle from her home on December 1, 2012 without any authority, and also without providing any prior notification to Plaintiff, constituting an additional violation of the FDCPA.

20. During the repossession, Defendants Jeffrey and Deborah Denton/Appalachian Recovery refused to allow Plaintiff to physically access her vehicle to remove any personal belongings. Plaintiff lost over fifteen hundred dollars ($1,500) worth of possessions and business inventory as a result.
5

21. On December 21, 2012, Plaintiff appeared at Appalachian Recovery to reclaim her personal effects that were in her vehicle when it was repossessed. Defendant Jeffrey Denton was extremely rude to Plaintiff and only *some* of her belongings were returned to her; every item of value that was in the car including various gift certificates and a registered handgun were removed and kept by Defendants Jeffrey and Deborah Denton at Appalachian Recovery, to the deprivation of the Plaintiff.

22. Plaintiff has been informed and believes, and therefore alleges, that after the Defendants Jeffrey and Deborah Denton/Appalachian Recovery repossessed the vehicle, it was transferred from Plaintiff's property in Knoxville, to Appalachian Recovery in Oliver Springs, and then to Manheim in Nashville, where Defendant Manheim, has exercised dominion over it ever since.

23. Almost a full year after the wrongful repossession, on September 17, 2013, Manheim representative Stacie Fisk sent a letter to Plaintiff's mother's address that was received on September 20, 2013. The letter was the first and only written correspondence between Plaintiff and Manheim. The letter stated: "You have the right to retain this vehicle within 15 days of this letter upon payment of all liens, towing, preservation and storage charges. Failure to reclaim the vehicle in the time provided shall be deemed as a waiver of all regrets, title and interest in and to the vehicle and constitutes consent to sell the vehicle at auction pursuant to T.C.A. 55-16-101. The proceeds of such sale of the vehicle shall be used for payment on all charges on the abandoned vehicle to include all notice, auction, and interest costs as of the date of this letter. Charges are as follows: Advance Charges: $238.00, Transportation: $85.00, Storage: $3255.00, Total: $3578.00." (emphasis in original).

24. The correspondence referred to in paragraph 17 also indicated that Plaintiff's wrongfully possessed vehicle was being housed at 8400 Eastgate Boulevard, Mount Juliet, Tennessee 37122.

25. Manheim sent a copy of the September 17, 2013 letter to Defendant CitiFinancial Auto at P.O. Box 3449 Coppell, Texas 75019 – an entity that had sold its a secured interest in the vehicle several years prior. Therefore, Manheim negligently failed to provide notice of its intent to sell the collateral to the would-be senior lien holder, if the loan debt had been valid.

26. No demand for additional payment on the loan was ever made to Plaintiff by any of the defendants; only Manheim demanded payment from Plaintiff after the repossession, specifically ten (10) months after the repossession, and that was for its own storage fees which had accrued *only* because Manheim failed to give Plaintiff notice of its possession of the vehicle. Plaintiff was not given any or opportunity to redeem the collateral in the ten (10) months that followed the wrongful taking.

27. Despite numerous attempts to obtain the title from Defendant Santander, Plaintiff did not receive the title to her vehicle until February of 2013. Upon receipt of the title, Plaintiff furnished a copy to Defendant Manheim and demanded the return of her property and personal possessions. Defendant Manheim refused. Defendant Manheim's refusal necessitated Plaintiff's loss of personal possessions, loss of income and accrual of storage fees for the vehicle not being removed from the Manheim facility.

28. Plaintiff has suffered actual damages as a result of the illegal collection communications, unfair, deceptive and harassing collection acts and practices and

unreasonable collection and repossession tactics by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy and physical injury.

29. The FDCPA expressly makes repossession contractors liable if they repossess when "there is no present right to possession of the property." 15 USC § 1692a(6). Thus, Defendants Jeffrey and Deborah Denton/Appalachian Recovery violated the FDCPA § 1692f(6) because they had no present right to possess the vehicle when they did so. Defendants also failed to comply with the FDCPA notice requirements contained in § 1692g(a)(1)-(5).

30. The fair market value of the Jeep is $10,152. The value of the personal property that was inside of the Jeep at the time of conversion is $1,561. Loss of use of the vehicle damaged the Plaintiff in the amount of approximately $10,000 to date. Defendants are liable to Plaintiff for these costs as a consequence of the wrongful conversion. Furthermore, the Defendants are barred from deducting any repossession expenses because the repossession was unlawful.

31. The Defendants' careless and reckless actions in repossessing personal property that had no doubt been paid for in full, and then continuing to illegally possess the property, to the deprivation of the rightful owner, for over a year constitutes especially egregious conduct. This conduct resulted in extensive long-term harm to the Plaintiff. As such, punitive damages should be awarded. For legal basis of punitive award in Tennessee conversion case see, e.g., Harlan v. Lovett, No. 03A01-9509-CV-00311, 1996 Tenn. App. LEXIS 143, *1, *10 (Tenn. Ct. App. Mar. 6, 1996); Ball v. Overton

Square, Inc., 731 S.W.2d 536, 539 (Tenn. Ct. App. 1987); Hoskins v. Piedmont Mining Co. Number One, 1984 Tenn. App. LEXIS 3338, at *9-10 (Tenn. Ct. App. Dec. 13, 1984).

### V. TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### VI. CAUSES OF ACTION

#### COUNT I.

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. § 1692 et seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA.

35. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.

### WRONGFUL REPOSSESSION AND CONVERSION VIOLATION OF THE UCC - SECURED TRANSACTIONS TENN. CODE ANN. § 47-9-101 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Since the Plaintiff was not in default and had affirmatively satisfied the debt in full, none of the named defendants were entitled to possession of the vehicle at the time it was repossessed. Thus, all of the named Defendants are guilty of conversion of the Plaintiff's property, in that they appropriated the vehicle to their own use and exercised dominion over it in defiance of Plaintiff's rights. Plaintiff has suffered, and continues to suffer presently, from extensive harm as a result of Defendants' conduct.

38. The wrongful repossession of Plaintiff's vehicle triggers application of the UCC minimum statutory penalties found in Tenn. Code Ann. § 47-9-507(1). This part entitles Plaintiff to recover "an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the debt or the time price differential plus ten percent (10%) of the cash price."

## COUNT III.

### NEGLIGENCE

39. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

40. Defendants did not perform their repossession of the vehicle with due care; Defendants breached a duty, and such breach caused Plaintiff harm.

41. Defendants' acts and omissions constitute negligence.

42. Defendants Jeffrey and Deborah Denton/Appalachian Recovery owed Plaintiff a duty to properly and lawfully carry out a repossession of their vehicle for Defendant Santander (through intermediary Defendant Skip Masters) and they breached that duty to Plaintiff by failing to validate the debt, and failing to ensure the continued validity of the repossession assignment prior to seizing Plaintiff's property.

43. Defendants Jeffrey and Deborah Denton/Appalachian Recovery intended to cause emotional distress and/or mental anguish and/or physical injury, and/or engaged in reckless disregard of the probability of causing Plaintiff emotional distress and/or mental anguish and/or physical injury.

44. As a direct and proximate result of Defendants Jeffrey and Deborah Denton/Appalachian Recovery's conduct, Plaintiff has suffered emotional distress and/or mental anguish, including stress, terror, upset, frustration, nervousness, anxiety, worry, humiliation and embarrassment.

45. As a direct and proximate result of Defendants Jeffrey and Deborah Denton/Appalachian Recovery's conduct, Plaintiff have suffered damages in an amount to be determined by a jury at trial from each and every Defendant.

46. As a direct and proximate result of Defendant Santander and Defendant Manheim's unreasonable ten-month delay in providing Plaintiff with notice that it possessed her vehicle, Plaintiff accrued a $3,578 debt from vehicle storage fees in addition to her loss of use of the vehicle.

11
Case 3:14-cv-00312-TAV-HBG   Document 2   Filed 07/08/14   Page 11 of 14   PageID #: 21

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTIES

47. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

48. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

49. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiff, namely, by the unlawful repossession of her property, and thereby invaded Plaintiff's privacy.

50. Defendants intentionally and/or negligently caused harm to Plaintiff's emotional well being by engaging in aggressive and offensive conduct in the course of repossessing the vehicle thereby invading and intruding upon Plaintiff's right to privacy.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined by a jury at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

### WRONGFUL REPOSSESSION AND CONVERSION VIOLATION OF THE UCC - SECURED TRANSACTIONS TENN. CODE ANN. § 47-9-101 et seq.

- for an award of actual damages pursuant to Tenn. Code Ann. §§ 47-9-625(b) and 47-9-625(c)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages pursuant to Tenn. Code Ann. § 47-9-625(c)(2) in an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the obligation or the time-price differential plus ten percent (10%) of the cash price, against each and every Defendant and for Plaintiff;

## COUNT III.

### NEGLIGENCE

- for an award of actual damages from each and every Defendant for negligence in an amount to be determined at trial and for Plaintiff;

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTIES

• for an award of actual damages from each and every Defendant for the emotional distress and/or mental anguish suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

• for such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED this _28_ day of _May_, 2014.

_Lisa McMahan_
Lisa McMahan

_Lyle H. Moe_
Lyle H. Moe/BPR: 29519
*Attorney for Plaintiff*
101 West Broadway Avenue, Suite 240
Maryville, Tennessee 37801
Tel.: 865-983-4240